**IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

**Date: July 27, 2007**

Courtroom Deputy: Ginny Kramer
Court Reporter:   Suzanne Claar
Probation Officer: Laura Ansart

---

**Criminal Case No.  07-cr-00010-REB**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Patricia Davies |
| v. | |
| 2.     JASON WONG, | Edward Levy |
|              Defendant. | David Ironman |

---

**SENTENCING MINUTES**

---

**10:58 a.m.    Court in session.**

The Defendant is present in Court (in custody).

Court's opening remarks.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report.

Counsel for the defendant informs the Court that he has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of his  punishment and commented on the probation officer's determinations and other matters affecting sentence.

Statement to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report and addendum.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7 The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1, and 2 is formally approved.

2. That the Government's Motion for Downward Departure Pursuant to 5K1.1 [#59] filed July 13, 2007, is **granted**. That the Government's Motion to Dismiss Count One of the Indictment [#61] filed July 25, 2007, is **granted**, provided furthermore, that Count One of the Indictment is dismissed with prejudice, as to Defendant Jason Wong;

3. That judgment of conviction under Fed.R.Crim.P 32(k) is entered on Count Two of the Indictment.

4. That pursuant to 18 U.S.C. § 3583, the defendant is now placed on supervised probation for a term of **five (5) years**, as to count two of the Indictment, effective and commencing forthwith, during which the defendant shall be subject to the jurisdiction of the court and the probation department;

5. That immediately following the conclusion of this sentencing hearing, the defendant shall report in person to Probation Officer, Laura Ansart, to schedule an appointment and time to read, review, discuss, and sign the conditions of supervised probation now required and ordered by this court.

6. That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d) and USSG §5D1.3(a).

7.  That while on supervised release, the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

8.  That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

    - that the defendant shall not possess or use illegally any controlled substances;

    - that the defendant shall not possess or use any firearm or any destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of his DNA;

    - that defendant shall submit to one drug test within fifteen days from his release from prison, as directed by the probation department, and thereafter, to a least two periodic tests for the use of controlled substances as directed and determined by the court; and

    - that the defendant shall be placed on home detention for a period of **six (6) months, to commence within twenty-one (21) days** of today's date.  During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation department.  The defendant shall maintain a telephone at his residence without any special services, modems, answering machines, or cordless telephones for the above period.  The defendant shall wear an electronic device and shall observe the rules specified by the probation department.  The defendant will be required to pay the cost of electronic monitoring as directed by the probation department;

9.  That no fine is imposed.

10. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00.

11. That the defendant shall pay restitution for the benefit of the victims identified in the presentence report, payable in care of the Clerk of the Court, in the amount of $46,943.00 in monthly installments of not less than, $200.00, payable jointly and severally with the co-defendant Seamus Foley.

12. That interest on restitution is waived.

13. That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are imposed.

14. That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585.

The Defendant waives formal advisement of appeal.

**11:30 a.m.    Court in recess.**

*Total in court time:00:32 minutes   - Hearing concluded*